HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALICIA S. HOLIWELL,

          Plaintiff,

   v.

UNITED STATES OF AMERICA and
INTERNAL REVENUE SERVICE,

          Defendants.

CASE NO. 2:25-cv-01262-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER comes before the Court on *pro se* Plaintiff Alicia Holiwell ("Plaintiff")'s Motion to Seal Exhibits and Motion for Service by the United States Marshals Service ("USMS"). Dkt. ## 2, 3. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Seal, and it **GRANTS** Plaintiff's Motion for Service.

## II.    BACKGROUND

Plaintiff brings this action under 26 U.S.C. § 7422, a statute permitting civil actions related to tax refunds. *See* 26 U.S.C. § 7422. All facts derive from Plaintiff's Complaint. Plaintiff initially filled her 2024 Form 1040 return claiming a refund of

$37,309.00. Dkt. # 8 at ¶ 5. Following delayed review from the Internal Revenue Service ("IRS"), Plaintiff submitted a demand letter invoking her right to statutory interest pursuant to 26 U.S.C. § 6611. *Id.* at ¶¶ 6–8. Shortly thereafter, she filed a Form 911 with the Taxpayer Advocate Service, citing financial hardship and the absence of any corrective action. *Id.* at ¶ 9. Plaintiff states that the IRS' review constituted an unreasonable delay potentially due to her tax return including a retirement withdrawal from Seattle Employee Retirement Services, a city-managed account. *Id.* at ¶ 10.[1] In her claim for relief, Plaintiff asserts she is entitled to a refund of $37,309.00 under 26 U.S.C. § 7422. *Id.* at ¶ 16. She also seeks equitable relief caused by the IRS' delay. *Id.* at ¶ 17.

Plaintiff first moves to seal exhibits submitted in support of her Complaint. Dkt. # 2. She also moves the Court for an order directing the USMS to serve process. Dkt. # 3.

### III. DISCUSSION

**A.    Motion to Seal**

In determining whether to seal judicial records, a court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption in favor of public access to records by meeting the compelling reasons standard. *Id.* at 1178.

The documents in question contain "private financial records, medical-related hardship materials, tax return information, and other sensitive identifying data" Plaintiff avers are not appropriate for public disclosure. Dkt. # 2. Some of the exhibits indeed

---

[1] Plaintiff also alludes to retaliation on the part of her former spouse and previous employment with the City of Seattle. *Id.* at ¶¶ 12–15.

contain personally identifying information, such as Plaintiff's taxpayer identification number and tax documents. However, not all the information included in the eight exhibits filed by Plaintiff falls into this category. The Court finds that the public interest in gaining access to tax and health-related documents outweighs the private interest in keeping this information sealed. *See Kamakana*, 447 F.3d at 1179.

Plaintiff should not construe this finding as an unfettered license to file everything under seal. She must file redacted versions of her exhibits, with the redactions pertaining to private financial records, medical-related hardship materials, tax return information, and other sensitive identifying data *only*. The onus is on Plaintiff to redact this information—the Court will not engage in such an exercise. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Seal Exhibits. Dkt. # 2. Plaintiff must file a redacted version of her exhibits within twenty-one (21) days of this Order, leaving non-personally identifiable and non-sensitive information available for the public.

B.   **Motion for Service**

Federal Rule of Civil Procedure 4 provides that the Court *must* order service by a United States marshal or someone specially appointed "if the plaintiff is authorized to proceed *in forma pauperis*." Fed R. Civ. P. 4(c)(3) (emphasis added). Here, the Honorable Michelle L. Peterson granted Plaintiff's request for leave to proceed *in forma pauperis*. Dkt. # 7. This decision thus binds the Court to **GRANT** Plaintiff's Motion for Service. Dkt. # 3.

IV.   CONCLUSION

Based on the foregoing reasons, Plaintiff's Motion to Seal Exhibits is **GRANTED IN PART** and **DENIED IN PART**. Dkt. # 2. Plaintiff must file a redacted version of

her exhibits within twenty-one (21) days of this Order. Plaintiff may redact personally identifying and sensitive information only.

Plaintiff's Motion for Service by the United States Marshals Service is **GRANTED**. Dkt. # 3. The United States Marshals Service is instructed to serve the United States Attorney for the Western District of Washington and the Attorney General of the United States.

Dated this 16th day of July, 2025.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 4