HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICIA S. HOLIWELL,<br>Plaintiff,<br>v.<br>UNITED STATES GOVERNMENT and INTERNAL REVENUE SERVICE, *et al.*,<br>Defendants. | Case No. 2:25-cv-01262-RAJ<br><br>ORDER ON MOTION TO DISMISS |

## I. INTRODUCTION

THIS MATTER comes before the Court on the Motion to Dismiss Claims Against the United States (the "Motion," Dkt. # 36) of Defendant United States of America[1] (the

[1] The Court construes the claims against the "United States Government" and the "Internal Revenue Service" as claims against the United States, because a lawsuit naming an agency of the United States as a defendant is considered an action against the United States. *See Balser v. DOJ*, 327 F.3d 903, 907 (9th Cir. 2003). The Court therefore substitutes the United States for the named defendants. *See Alexander v. Internal Revenue Serv.*, 2025 WL 445374, at *1 n.1 (D. Nev. Feb. 10, 2025) (substituting the United States for the IRS as proper party defendant); *Guancione© v. Internal Revenue Serv.*, 2023 WL 4477168, at *3 (N.D. Cal. July 10, 2023) (same).

"United States"). Plaintiff did not file a response to the Motion. The Court has reviewed the Motion and the balance of the record. For the reasons set forth below, the Court **GRANTS** the Motion and **DISMISSES** the Amended Complaint, Dkt. # 13, **WITHOUT PREJUDICE**.

## II. BACKGROUND

Plaintiff Alicia S. Holiwell, a *pro se* litigant, initiated this action on July 5, 2025, and filed the operative complaint on July 18, 2025 (the "Amended Complaint," Dkt. # 13), naming over 30 defendants. Pursuant to the Amended Complaint, Plaintiff seeks a refund of her 2024 federal income taxes, including both "the principal overpayment but also interest compensation for the government's use of her funds." Dkt. # 13 at 3. Plaintiff alleges that "the withholding of her refund is not the result of ordinary administrative delay, but stems from retaliatory coordination" involving multiple public and private entities and individuals. *Id.* Plaintiff asserts that this coordination has "resulted in unlawful access restrictions, false reporting, and retaliatory flagging of Plaintiff's tax account—conduct that implicates federal and constitutional protections." *Id.* As relevant to Plaintiff's claims against the United States, the Amended Complaint seeks the following relief: (1) a tax refund of $37,309.00 pursuant to 26 U.S.C. § 7422 (pled as Count I); (2) statutory interest under 26 U.S.C. § 6611 (pled as Count II); (3) declaratory and injunctive relief for violation of the Taxpayer Bill of Rights ("TBOR") (pled as Count III); and (4) equitable reimbursement of *pro se* litigation costs (pled as Count VII). *Id.* ¶¶ 55–59, 73–77.

The United States appeared in this action on August 21, 2025, and filed the instant Motion to Dismiss on January 30, 2026. Dkt. ## 25, 36. On February 4, 2026, the Court ordered Plaintiff to show cause why the claims asserted in the Amended Complaint against all other defendants in this action should not be dismissed for failure to effectuate

service in accordance with Federal Rule of Civil Procedure 4(m). Dkt. # 37. Plaintiff failed to respond to the Court's Order to Show Cause; the Court therefore dismissed the claims against these defendants on February 13, 2026. Dkt. # 38.

Pursuant to the Motion, the United States argues that the Court should dismiss the claims against it because: (1) the Court lacks subject matter jurisdiction over the claims against the United States, which has not waived sovereign immunity over Plaintiff's claims; (2) Plaintiff's requests for declaratory and injunctive relief are jurisdictionally barred by the Anti-Injunction Act (the "AIA"), 26 U.S.C. § 7421, and the Declaratory Judgment Act (the "DJA"), 28 U.S.C. § 2201; and (3) Plaintiff's claims for costs are premature and are not the basis for an independent claim for relief. Dkt. # 36 at 8–17. Plaintiff did not file any response to the Motion.

## III. LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When the defendant moves to dismiss for lack of subject-matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may bring a factual challenge to subject matter jurisdiction, and in such cases the court may consider materials beyond the complaint. *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union*

*High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

## IV. DISCUSSION

### A. Plaintiff Failed to Respond to the Motion

As a threshold matter, the Court construes Plaintiff's failure to respond to the Motion "as an admission that the motion has merit." *Renato v. Beaulieu*, 2022 WL 1607919, at *11 (W.D. Wash. May 20, 2022). This is, in and of itself, a basis for the Court to grant the Motion and dismiss the claims against the United States. Local Rules W.D. Wash. 7(b)(2); *see also Montgomery v. Specialized Loan Servicing, LLC*, 772 F. App'x 476, 477 (9th Cir. 2019) (affirming dismissal of claims where "plaintiffs failed to respond to the arguments raised in defendants' motion to dismiss [the] claims"). In the interest of completeness, however, the Court will consider the United States' substantive arguments for dismissal.

### B. The Court Lacks Subject Matter Jurisdiction

Courts lack subject matter jurisdiction to hear claims brought against the United States absent an express waiver of sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). While the United States has waived its sovereign immunity for taxpayer refund suits, 28 U.S.C. § 1346(a)(1), the terms of its consent define the court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 601 (1990). In the context of tax refund suits, the Court only has jurisdiction if the taxpayer fulfills certain requirements, including filing a proper and timely administrative claim for refund. 26 U.S.C. § 7422(a). The taxpayer must then bring suit within the appropriate limitations period, which

generally begins after "the expiration of 6 months from the date of filing the claim" unless a decision has already been rendered on the claim. 26 U.S.C. § 6532(a)(1).

Here, the United States contends that Plaintiff fails to meet the latter requirement. Dkt. # 36 at 10. In support of this argument, the United States offers two dates as the operative "date of filing" of Plaintiff's "claim for refund"–*i.e.*, her 2024 income tax return. The earlier of these two dates is February 13, 2025, which is reflected on Plaintiff's Form 4340 as the date that the return was filed and tax assessed. Dkt. # 36-1 at 2. Alternatively, the United States offers April 15, 2025, the "last day prescribed" for the filing of a taxpayer's 2024 federal income tax return, as the deemed filing date. Dkt. # 36 at 10–11 (citing 26 U.S.C. § 6513). The Court need not resolve which of these dates applies, however, because Plaintiff initiated this action on July 5, 2025, before either of August 13, 2025 (six months after the processing date of February 13, 2025) and October 15, 2025 (six months after the deemed filing date of April 15, 2025) had elapsed. *See* Dkt. # 1. Accordingly, Plaintiff failed to comply with the timing requirement prescribed by 26 U.S.C. § 6532(a)(1), which governs tax refund suits under 26 U.S.C. § 7422(a). The Court therefore lacks jurisdiction over Counts II and II of the Amended Complaint, which set forth Plaintiff's claims against the United States for a refund and statutory damages.

The Court also lacks jurisdiction over Count III of the Complaint, which purports to seek relief under the Taxpayer Bill of Rights. Dkt. # 13 ¶¶ 58–59. The TBOR is a summary of the duties of the Commissioner of Internal Revenue as set forth in 26 U.S.C. § 7803. However, that statute "does not confer standalone substantive rights." *Richlin v. Commissioner*, 859 Fed. Appx. 772, 773 (9th Cir. 2021). Accordingly, claims purporting to arise under the Taxpayer Bill of Rights are subject to dismissal. *See, e.g.*, *Russell v. Commissioner*, 2022 WL 17224715, at *7 (C.D. Cal. June 6, 2022) (dismissing

claims under 26 U.S.C. § 7803(a)(3), as this provision "does not itself confer any new rights on taxpayers"); *Facebook, Inc. v. Internal Revenue Serv.*, 2018 WL 2215743, at *14 (N.D. Cal. May 14, 2018) (concluding that the TBOR "created no new rights at all . . . Congress meant what it said when it said that the TBOR rights were rights 'afforded by other provisions of this title,' not new rights created by the TBOR itself.")

Finally, the United States argues that Plaintiff's claims for declaratory and injunctive relief are barred by the Anti-Injunction Act and the Declaratory Judgment Act. Dkt. # 36 at 13–16. As relevant here, the AIA provides: "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The Ninth Circuit has recognized that the AIA generally "'precludes federal jurisdiction' over actions seeking to enjoin the IRS's tax collection efforts." *In re J.J. Re-Bar Corp., Inc.*, 644 F.3d 952, 955 (9th Cir. 2011) (quoting *Hansen v. Dep't of Treasury*, 528 F.3d 597, 601 (9th Cir. 2007)). Similarly, the DJA provides that courts may may declare the rights and other legal relations of any interested party "except with respect to Federal taxes." 28 U.S.C. § 2201(a). The DJA is "coextensive with the Anti-Injunction Act despite the broader language of the former." *Gilbert v. United States*, 998 F.3d 410, 414 (9th Cir. 2021) (quoting *Perlowin v. Sassi*, 711 F.2d 910, 911 (9th Cir. 1983)).

Plaintiff cannot overcome this statutory bar to suit by alleging that she has no alternative avenues to pursuing the relief she seeks, as contemplated by the Supreme Court in *South Carolina v. Regan*, 465 U.S. 367, 378 (1984), because she can still file a timely refund suit under 26 U.S.C. § 7422. Nor can Plaintiff avail herself of the exception set forth in *Enochs v. Williams Packing & Navigation Co., Inc.*, 370 U.S. 1, 7 (1962). This exception requires plaintiffs to show that: (1) under no circumstances could the

United States ultimately prevail, and (2) "equity jurisdiction" otherwise exists. *Commissioner v. Shapiro*, 424 U.S. 614, 627 (1976) (discussing *Williams Packing*, 370 U.S. at 7). In this case, Plaintiff cannot satisfy the first *Williams Packing* prong, because, as discussed in this Order, her claims are barred by sovereign immunity and otherwise arise under authority that does not create independent rights. And, as also outlined, Plaintiff cannot prove that "equity jurisdiction" exists, because a timely refund suit under 26 U.S.C. § 7422 would offer her an adequate remedy at law. For these reasons, Plaintiff's claims for injunctive and declaratory relief are barred by the AIA and DJA.

### C. Plaintiff is Not Entitled to Fees

Because the Court rules in the United States' favor and finds that Plaintiff's claims are subject to dismissal, the Court declines to grant Plaintiff's request for fees.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss Claims Against the United States, Dkt. # 36, and **DISMISSES** the Amended Complaint **WITHOUT PREJUDICE**.

Dated this 30th day of July, 2026.

The Honorable Richard A. Jones
United States District Judge